UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES K. BAILEY, | ) | Case No. 1:07 CV 3403 |
| | ) | |
| Petitioner, | ) | Judge Sara Lioi |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| JULIUS WILSON, WARDEN, | ) | (Regarding ECF #1 and #7) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

In response to Charles K. Bailey's application under 28 U.S.C. §2254 for writ of habeas corpus by a person in state custody, respondent has moved to dismiss under 28 U.S.C. §2244(b) or transfer arguing that this is a "second or successive" application for habeas corpus.[1] "Under the gatekeeping provisions of 28 U.S.C. § 2244(b)(2), '[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed' except under certain, narrow circumstances. See §§ 2244(b)(2)(A)-(B)." *Panetti v. Quarterman* , -U.S.-, 127 S.Ct. 2842, 2852, 168 L.Ed.2d 662 (2007). Bailey has not responded to this motion, so the court must determine without Bailey's input whether the application filed in this matter is "a second or successive" application.

The undersigned begins by pointing out that none of the "narrow circumstances" from §2244(b)(2)(A) applies.  There was no new rule of constitutional law being invoked that was "made

---

[1] 28 U.S.C. §2244(b)(3)(A) reads:
   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

retroactive to cases on collateral review by the Supreme Court", no hidden factual predicate, nor any

indication that "but for constitutional error no reasonable factfinder would have found the applicant

guilty of the underlying offense." [2]

---

[2] Bailey's current nine grounds are:

1. Defendant was denied due process of law and the right to counsel on appeal pursuant to *Wolfe v. Randle*, 267 F.Supp.2d 743 (S.D. Ohio 2003); and *State v. Sims* (1971), 27 Ohio St.2d 79.

2. Defendant's sentence is 'contrary to law' and offends both due process and equal protection of law as defined and prescribed in and under [*Blakely v. Washington, United States v. Booker, State of Ohio v. Foster*]. See [Sixth Amendment and R.C. 2953.08].

3. Mistakes of law in relation to the trial court's failure to give a particular jury instruction resulted in a fundamentally unfair trial and a denied (sic.) of due process where it was clear from the evidence that defendant did not have the required knowledge to form both intent and purpose to support the conviction as a matter of law. [See Sixth and Fourteenth Amendments].

4. Defendant was wholly deprived of his Sixth Amendment right to effective assistance of counsel where trial counsel openly admitted on the record that she was not prepared to go to trial after being appointed to this complex case less than (2) two weeks before trial and thereupon being denied a continuance of the trial to conduct an adequate trial preparation and to prepare an adequate defense. [See *Strickland v. Washington*].

5. Defendant was denied due process of law and the right to adequate trial preparation when the trial court denied his good faith request for in-camera review of Grand Jury Transcript of proceedings for 'exculpatory evidence.' [See *State v. Tenbrook* and *Brady v. Maryland*].

6. Defendant was deprived of due process of law and fundamentally fair trial where, and in the absence of an underlying Complaint, the trial court was without competent subject matter jurisdiction over the matters at bar. [See Sixth and Fourteenth Amendments].

7. Defendant's right to reasonable bail was violated when the trial court ordered defendant held on a (2) two million dollar cash bond, and where the facts of the case were clear that no one suffered any serious physical harm and defendant was not a flight risk. [See Eighth Amendment].

8. Defendant was deprived a fair trial and due process of law where the conviction was against the manifest weight of the evidence and/or in the alternative, evidence produced at trial was patently insufficient. ('as a matter of law') to support the jury's verdict. [See Sixth and Fourteenth Amendments].

9. Defendant was deprived of his Sixth Amendment right to a fast and speedy trial, *Barker v. Wingo*, ___ U.S. ___, where his trial occurred so quickly after defense counsel was appointed (2 weeks prior to the trial) ['and a requested continuance by newly appointed defense counsel being therefore denied'] so as to amount to a denial of the Sixth Amendment right to a fast and speedy trial.

1:07 CV 3403                                    3

Respondent also argues that this second application is untimely.   However whether the application is untimely is premature to the discussion on the topic of "second or successive" application.  See *In re McDonald*, 514 F.3d 539, 542-544 (6ᵗʰ Cir. 2008).  The only relevant factor for dismissal at this time is whether or not this numerically second application is in fact a "second or successive" application.  Respondent recognizes that a "second" application is one that raises new claims whereas a "successive" application is one that raises claims that were presented in the prior action citing *Norris v. Konteh*, 67 F.Supp.2d 833, 835 (N.D. Ohio 1999) and *Carlson v. Pitcher*, 137 F.3d 416, 418-19 (6ᵗʰ Cir. 1998).


Previously in August 2005, Bailey filed a *pro se* habeas corpus application under 28 U.S.C. §2254 in Case No. 1:05 CV 2008 challenging his convictions for engaging in a pattern of corrupt activity, complicity to commit intimidation, complicity to commit theft, forgery, uttering, intimidation, tampering with evidence, falsification, theft, and possession of criminal tools.  These are the same convictions challenged in Bailey's current application under 28 U.S.C. §2254.  The only difference is in the application filed in 2005 he states that the date of judgment or conviction is May 29, 2003, whereas in the application filed in 2007 he states the date of judgment or conviction is July 13, 2003.   Bailey identifies Case Nos. CR-02-4242092 and CR-02-430159 on both habeas applications as the underlying state cases and the dockets from these cases indicate that May 29, 2003, was the last day of the trial ( hence the date of conviction) and June 9, 2003, was the date of

1:07 CV 3403                                    4

sentencing. See http://cpdocket.cp.cuyahogacounty.us/TOS.aspx.[3] Bailey's reference to July 13,

2003 on the current application was apparently made in error.

Bailey's application filed in 2005 did not raise a conventional claim but argued it was

unconstitutional for the state trial court to convict and sentence him due to his status as a "Moorish

American National." Judge O'Malley summarily dismissed this application on October 13, 2005,

pursuant to Rule 4 of the Rules Governing §2254 Cases and further stating that no appeal could be

taken from the dismissal in good faith. Review of Bailey's declaration from his prior application

shows that he relied on the "Moroccan Treaty of Peace and Friendship of 1787" and the Foreign

Sovereign Immunities Act of 1976 while alleging that he was a member of the "Moorish nation."

In short, he was claiming diplomatic immunity. Naturally, federal habeas corpus recognizes

diplomatic immunity and this is codified under 28 U.S.C. §2241(c)(4).[4]

---

[3] A district court may take judicial notice of the prior proceedings from the state court's publicly accessible docket. See *O'Connor v. Erwin*, 2008 WL 906060 at *11 n. 7 (S.D. Ohio); *Peyton v. Burdick*, 2008 WL 1776450, at *3 (E.D. Cal) (judicial notice taken of state criminal case docket); *U.S. v. Mercado*, 412 F.3d 243, 247 (1st Cir. 2005) ("courts are entitled to take notice of the records of relevant court proceedings (citation omitted)"); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (district court may take judicial notice of proceedings in other courts of record); and see *Boag v. MacDougall*, 454 U.S. 364, 367 (1982) (Supreme Court may take judicial notice of district court records.)

[4]     (c) The writ of habeas corpus shall not extend to a prisoner unless –
. . .
          (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done
          or omitted under any alleged right, title, authority, privilege, protection, or exemption
          claimed under the commission, order or sanction of any foreign state, or under color thereof,
          the validity and effect of which depend upon the law of nations. . .

1:07 CV 3403                                         5

There is no need for concern over the issue whether the prior application, although designated as brought under §2254, was a matter under §2241, rendering the current §2254 application a primary application, not "second or successive." The Sixth Circuit resolved this issue and has determined §2244(b)(2)'s second or successive language "applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment (footnote omitted)" regardless whether it is designated as a application under §2241. *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006), *cert. denied*, 127 S.Ct. 2064 (2007). Although the order of presentation of *Rittenberry* was a §2254 application followed by one designated as a §2241 application, there is nothing in that decision's rationale which would indicate that the order of presentation had any bearing. Accordingly, this court is confronted with a "second or successive" habeas corpus application seeking relief from custody pursuant to a state court judgment, and accordingly Bailey must move for authorization from the Sixth Circuit Court of Appeals in performance of its "gatekeeping function" before the district court review can occur.

The only question that remains is whether to dismiss this matter outright or to dismiss it and transfer it to the Sixth Circuit. While it is generally the practice of the undersigned to recommend transfer, the undersigned does not make this recommendation in this matter. First of all, for the reasons explained in respondent's motion to dismiss or transfer, the underlying application is untimely. Secondly, Bailey has not objected to dismissal of his application, and finally, Bailey's first application was flippant. Bailey attempted to abuse the writ by filing an absolutely ridiculous

1:07 CV 3403                                6

argument in which he claimed American citizenship yet sought special treatment as an "American

Moorish national."  He has shown absolute disregard and disdain of the courts.


### CONCLUSION AND RECOMMENDATION

The district court is confronted with a "second or successive" application under 28 U.S.C.

§2254. Respondent's motion to dismiss or transfer should be granted only to dismiss this application

pursuant to 28 U.S.C. §2244(b).

_____s/James S. Gallas_____
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of

Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified

time WAIVES the right to appeal the Magistrate Judge's recommendation.  See, United States v.

Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985).


Dated: April 30, 2008