UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES K. BAILEY,** | ) | Case No. 1:07CV3403 |
| | ) | |
| Petitioner, pro se, | ) | **JUDGE SARA LIOI** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **JULIUS WILSON,** | ) | |
| | ) | |
| Respondent. | ) | **(HABEAS CORPUS)** |

This action is before the Court upon the Report and Recommendation of Magistrate Judge James S. Gallas (Doc. No. 8). Petitioner Charles K. Bailey ("Bailey") has filed objections to the report (Doc. No. 18). For the following reasons, the Report and Recommendation's findings of fact and conclusions of law are **ADOPTED IN PART**, Bailey's objections are **OVERRULED**, and this Petition for Writ of Habeas Corpus (Doc. No. 1) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

**I. FACTUAL AND PROCEDURAL HISTORY**

On August 13, 2002, Bailey was indicted by the Grand Jury for Cuyahoga County, Ohio ("Grand Jury") for 51 counts of multiple offenses, including intimidation, retaliation, forgery, uttering, tampering with records, falsification, theft, possession of criminal tools, complicity to commit intimidation, complicity to commit retaliation, and complicity to commit theft. (Indictment Cuyahoga Com. Pls. 424092, Doc. No. 7 Ex. 2.) On November 12, 2002, Bailey was indicted by the Grand Jury for six additional counts, including forgery, uttering, receiving stolen property, and theft. (Indictment Cuyahoga Com. Pls. 430159, Doc. No. 7 Ex. 4.) Following a jury trial, on June 13, 2003 Bailey was convicted of 36 counts and

sentenced to an aggregate term of ten years, with five years of post-release control. (Sentencing Entry, CCP CR-424092, Doc. No. 7 Ex. 5; Sentencing Entry, CCP CR-430159, Doc. No. 7 Ex. 6; Sentencing Transcript at 45, 47-48, Doc. No. 7 Ex. 7.) Despite being notified during the sentencing hearing of his right to directly appeal the sentence within 30 days (*see* Sentencing Transcript at 50.), Bailey did not timely appeal his conviction. *See Ohio v. Bailey*, 2006 Ohio App. LEXIS 3949, at *1 (August 3, 2006).

On October 25, 2004, Bailey filed a pro se petition for postconviction relief in the trial court challenging his sentence as violating *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Pet. to Vacate or Set Aside Sentence, Doc. No. 7 Ex. 8.) The trial court denied the petition on August 24, 2005, and Bailey appealed on September 16, 2005, asserting the following four assignments of error:

> 1). The trial court abused its discretion and erred as matter of law when it ruled that R.C. Section §2929.14 [sic] did not violate appellant's Sixth Amendment right based on Blakely or Apprendi standards;
> 2). The trial court abused its discretion where it failed to apply the Apprendi rule in determining the issues raised by appellant in the post-conviction petition;
> 3). The trial court abused its discretion when it failed to consider appellant's ineffective assistance of counsel claim based on the Apprendi rule;
> 4). The trial court abused its discretion when it unreasonably applied clearly established U.S. Supreme Court federal law.

Brief of Petitioner-Appellant at ii, *Ohio v. Bailey*, 2006 Ohio App. LEXIS 3949 (No. 87034). On August 14, 2006, the Cuyahoga County Court of Appeals affirmed the dismissal on the grounds that the petition was untimely.[1] *Bailey*, 2006 Ohio App. LEXIS 3949, at *3. Bailey did not appeal this decision to the Ohio Supreme Court.

---

[1] Under Ohio law, where a defendant does not take a direct appeal, a petition for postconviction relief must be filed no later than 180 days after the expiration of the time to file an appeal. O.R.C. § 2953.21(A)(2). The 30-day period for directly appealing Bailey's sentence expired on July 14, 2003. As Bailey filed a petition for postconviction relief on October 25, 2004, his petition was untimely.

2

On August 26, 2005, Bailey filed a petition for writ of habeas corpus challenging his 2003 judgments of conviction in the U.S. District Court for the Northern District of Ohio. (Habeas Corpus Petition, N.D. Ohio 1:05CV2008, Doc. No. 7 Ex. 29.) Bailey argued only that he was a "Moorish American National," and thus had immunity from state criminal prosecution. (*See* Habeas Corpus Petition ¶ 12(A), 13; Mem. Supp. Habeas Pet. ¶¶ 1-3.) The district court denied the petition, dismissed it, and denied a certificate of appeal. *Bailey v. Wilson*, 2005 U.S. Dist. LEXIS 23667, at *2 (N.D. Ohio, Oct. 13, 2005). Bailey did not appeal the district court's judgment.

On May 16, 2007, Bailey filed a pro se motion for leave to file a delayed direct appeal in the Cuyahoga County Court of Appeals. (Doc. No. 7, Ex. 19.) Bailey asserted that he had not been informed of his right to appeal and right to appointed counsel for purposes of that appeal,[2] and presented nine assignments of error.[3] The state appeals court denied leave to file a

---

[2] This is simply wrong. At sentencing, the trial judge expressly notified Bailey of his right to appeal and his right to counsel for that appeal. (Sentencing Transcript at 50-51.)

[3] The nine assignments are:

    1. Defendant was denied due process of law and the right to counsel on appeal pursuant to *Wolfe v. Randle* and *State v. Sims*.
    2. Defendant's sentence is 'contrary to law' and offends both due process and equal protection of the laws as defined and prescribed in and under [*Blakely*, *Booker*, and *Ohio v. Foster*].
    3. Mistakes of law in relations [sic] to the trial court's failure to give a particular jury instruction resulted in a fundamentally unfair trial and a denied [sic] of due process where it was clear from the evidence that defendant did not have the 'required knowledge' to form both intent and purpose to support conviction as a matter of law.
    4. Defendant was wholly deprived of his Sixth Amendment right to effective assistance of counsel where trial counsel openly admitted on the record that s/he was not prepared to go to trial after being appointed to this complex case less than (2) two weeks before trial and thereupon being denied a continuance of the trial to conduct an adequate trial preparation and to prepare an adequate defense.
    5. Defendant was deprived of due process of law and the right to adequate trial preparation when the trial court denied his good faith request for in-camera review of the Grand Jury Transcript of proceedings for 'exculpatory evidence.'
    6. Defendant was deprived of due process of law and and [sic] fundamentally fair trial where, and in the absence of an underlying *Complaint, the trial court was without competent subject matter jurisdiction over the matters at bar. 7. Defendant's right to reasonable bail was violated when the trial court ordered defendant held on a (2) two million dollar cash bond, and where facts of the case were clear that no one suffered any serious physical harm and defendant was not a flight risk.

delayed appeal without opinion on May 18, 2007. (Doc. No. 7 Ex. 21.) Reconsideration was denied on June 4, 2007. (Doc. No. 7 Ex. 22.) Bailey appealed to the Ohio Supreme Court on June 22, 2007, restating his nine proposed assignments of error as propositions of law. (Mem. Supp. Jur. i-iii, Doc. No. 7 Ex. 25.) On October 24, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. No. 7 Ex. 26.)

On October 27, 2007, Bailey filed the pro se petition for writ of habeas corpus at issue in this case, again challenging his 2003 judgments of conviction. (Doc. No. 1.) In the petition, Bailey restates the nine assignments of error/propositions of law raised in his earlier failed delayed direct appeals. (*See* Habeas Corpus Petition at 9(d), Doc. No. 1; *see also* footnote 3, *supra*.) The Court referred the petition to Magistrate Judge James S. Gallas for the preparation of a Report and Recommendation. The Magistrate Judge submitted his Report and Recommendation on April 30, 2008. (Doc. No. 8.) In the Report, the Magistrate Judge found that Bailey's habeas petition constituted a "second or successive" petition, and thus this Court lacks jurisdiction to hear it. (Report and Recommendation at 5.) Moreover, the Magistrate Judge recommended that the petition be dismissed outright, rather than transferred to the Sixth Circuit, because he reasoned that the petition was untimely, Bailey did not object to dismissal of his application, and Bailey's first application was "flippant." (*Id.*)

---

8. Defendant was deprived a fair trial and due process of law where the conviction was against the manifest weight of the evidence and/or in the alternative; the evidence produced at trial was patently insufficient ('as a matter of law') to support the jury's verdict.
9. Defendant was deprived of his Sixth Amendment right to a fast and speedy trial, where his trial occurred so quickly after defense counsel was appointed (2-weeks prior to the trial') ['and a requested continuance by newly appointed defense counsel being therefore denied'] so as to amount to a denial of the Sixth Amendment right to a fast and speedy trial. (brackets in original)

(Mem. Supp. Motion for Leave to File Delayed Appeal at 7-9 (citations omitted).)

Petitioner has filed his objections to the Report and Recommendation (Doc. No. 18.); thus, this issue is now ripe for the Court's consideration.

## II. STANDARD FOR REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court states that "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

This Court's scope of review in habeas cases is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA allows a federal court to grant habeas relief from a state court conviction only if the state court adjudicated on the merits a federal constitutional or federal law claim, and that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also* 28 U.S.C. § 2254(a).

This Court has reviewed *de novo* the objections to the Report and Recommendation, as well as the briefs and supporting material submitted by the parties, the dockets of the U.S. District Court for the Northern District of Ohio and the Ohio trial and appellate courts, and the objections to the Report raised by Petitioner. This Court finds the Report and Recommendation to be factually correct and agrees with its analysis meriting this case to be transferred to the Sixth Circuit; the Court rejects that part of the Report recommending dismissal of Bailey's petition as contrary to AEDPA's jurisdictional requirements. The Court also finds Bailey's objections meritless.

**III. LAW AND ANALYSIS**

This Court holds that because Bailey filed a second or successive petition, this Court lacks jurisdiction to hear the merits of the case, and thus the cause must be transferred to the Sixth Circuit for an order authorizing this Court to evaluate the merits of Bailey's claims. Under AEDPA, a state prisoner cannot file a second or successive petition for writ of habeas corpus unless the relevant court of appeals issues an order authorizing the district court to consider it. 28 U.S.C. § 2244(3)(A). This requirement is mandatory, because "the authorization requirement [of AEDPA] is jurisdictional and therefore cannot be waived." *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003). Accordingly, the Sixth Circuit has required that "when a second or successive petition for habeas corpus relief [. . .] is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court *shall transfer* the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631."[4] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (emphasis added); *see also* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application *that the court of appeals has authorized to be filed* unless the applicant shows that the claim satisfies the requirements of this section." (emphasis added)).

Thus, the issue presented is whether Bailey's current petition is a "second or successive petition." A habeas petition is a "second or successive petition" if a prior habeas petition is dismissed "on the merits" and the subsequent petition "raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or

---

[4] The Magistrate Judge stated that this Court has the option "to dismiss this matter outright or to dismiss it and transfer it to the Sixth Circuit" and recommended the former. (Report and Recommendation at 5.) In light of 28 U.S.C. § 2244(b)(4) and the cases cited above, it is clear that the Magistrate Judge was incorrect on this point of law—if a prisoner has not moved for an order in the Sixth Circuit authorizing this Court to consider the application, this Court's only option is to transfer the matter.

6

excusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006); *see also Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1998). For example, the Sixth Circuit has noted that a prior petition dismissed for failure to exhaust state remedies is not a dismissal on the merits, and thus a numerically second habeas petition will not be deemed a "second or successive petition." *Carlson*, 137 F.3d at 420. By contrast, a dismissal due to procedural default[5] is a dismissal on the merits, and subsequent petitions for writ of habeas corpus would be "second or successive." *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000).

In this case, Bailey's current petition for writ of habeas corpus is clearly a second or successive petition. Bailey filed a petition for writ of habeas corpus on August 26, 2005, alleging that his conviction was unlawful because he was a "Moorish American National" entitled to diplomatic immunity. (*See* Habeas Corpus Petition ¶ 12(A), 13; Mem. Supp. Habeas Pet. ¶¶ 1-3.) The district court dismissed the petition because Bailey alleged "no facts [. . .] implicating [his] federal constitutional rights." *Bailey v. Wilson*, 2005 U.S. Dist. LEXIS 23667, at *2 (N.D. Ohio, Oct. 13, 2005). The district court's order operated as a dismissal on the merits, as Bailey's petition was dismissed for lacking a substantive reason to grant habeas relief.[6]

Moreover, Bailey's current petition, a numerically second petition, raised claims that could have been raised in his August 26, 2005 petition. As noted earlier, Bailey's most recent petition offered nine arguments (*See* Habeas Corpus Petition at 9(d), Doc. No. 1); the nine arguments are enumerated in footnote 3, *supra*. However, Bailey could have raised all nine arguments in his first habeas petition. The first, third, fourth, fifth, sixth, eighth, and ninth arguments related to alleged deprivations of rights or lack of fairness in Bailey's 2003 trial; the

---

[5] Procedural default exists where a petitioner has failed to comply with state procedures to challenge his detention.
[6] Indeed, the district court noted that "[t]here [was] no indication on the face of the petition that Bailey seeks to raise an issue cognizable in habeas corpus, as he sets forth no colorable federal grounds which might entitle him to relief." *Bailey*, 2005 U.S. Dist. LEXIS 23667, at *2.

second argument related to the fairness of Bailey's sentencing from his judgments of conviction in 2003; and the seventh argument relates to the reasonableness of bail before Bailey's 2003 conviction. *See* footnote 3, *supra*. Bailey offers no justification why these arguments could not have been raised in his August 2005 petition—none of the claims are based on newly discovered evidence or the United States Supreme Court's creation of a new right made retroactively applicable, and Bailey does not assert an impediment to making a petition created by governmental action.[7] *See* 28 U.S.C. § 2255.

Since all of Bailey's arguments in his petition could have been raised in his August 2005 petition, and the August 2005 petition was dismissed on the merits, Bailey's petition is a "second or successive petition." *See Bowen*, 436 F.3d at 704; *Carlson*, 137 F.3d at 420. Bailey has not yet moved in the Sixth Circuit for an order authorizing this Court to consider Bailey's application as required by AEDPA. 28 U.S.C. § 2244(b)(3)(A). Therefore, this Court must transfer Bailey's petition to the Sixth Circuit for further consideration as to whether it may be decided on the merits. *Sims*, 111 F.3d at 47.

---

[7] In a passage muddled in a fashion seemingly characteristic of all of his argumentation, Bailey asserts that his raising the "Moorish American National" argument (and presumably also his failure to raise his other claims) in his first habeas petition was the product of incompetent law clerks at the prison law library, which he asserts were introduced by the prison as his "only viable source of legal assistance." (Pet. Obj. to Magis. R. & R. at 4, Doc. No. 18.) Credibility of this argument aside, at most this makes out a case for excusable neglect, which is not sufficient to prevent his numerically second petition from being "second or successive." *See Bowen*, 436 F.3d at 704 (later habeas petition is "second or successive" if it "raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment *or excusable neglect*" (emphasis added)).

## IV. CONCLUSION

Accordingly, this Court **ADOPTS** the factual findings and reasoning of the Report and Recommendation insofar as it holds that a transfer to the Sixth Circuit is appropriate,[8] and **OVERRULES** Bailey's objections. Bailey's Petition for Writ of Habeas Corpus (Doc. No. 1) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit. This case is closed.

**IT IS SO ORDERED**.

Dated: August 29, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[8] For the reasons stated above, this Court rejects the portion of the Report and Recommendation recommending dismissal of Bailey's petition.